UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER M. TAYLOR,

                Plaintiff,

    v.

BOB FERGUSON, *et al.*,

                Defendants.

CASE NO. C20-1262-BHS-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Christopher Taylor is in the custody of the Colorado Department of Corrections and is currently confined at the Colorado State Penitentiary in Canon City, Colorado. He has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated any viable claim for relief in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Plaintiff has submitted to the Court for filing a prisoner civil rights complaint under 42

REPORT AND RECOMMENDATION
PAGE - 1

U.S.C. § 1983. (Dkt. 4-1.) While plaintiff clearly identifies Bob Ferguson, Attorney General of the State of Washington, and Brian T. Moran, United States Attorney for the Western District of Washington, as defendants in his complaint, the rest of his submission is less clear. Plaintiff does not set forth any identifiable claim for relief in his pleading and it appears he had no intention of doing so, indicating at the beginning of his statement of claim that he is providing only a written "statement of evidence." (*See id*. at 3.)

In his statement, plaintiff identifies himself as an "officer of the DEA," he references events that occurred in January 2014, and he cites to various federal statutes including the Intelligence Reform and Terrorism Prevention Act of 2004 (Public Law 108-458), 18 U.S.C. § 1958 (Use of interstate commerce facilities in the commission of murder-for-hire), and 18 U.S.C. § 2339 (Harboring or concealing terrorists). (*Id*.) Plaintiff appears to assert that the Seattle-Tacoma International Airport and the Colorado Department of Corrections were utilized in some fashion to facilitate "military & civilian crimes of treason." (*Id*.) He also appears to suggest that he made some sort of disclosure to this effect in his role as an officer of the DEA, and that there were records available to the State of Washington and the State of Colorado through which they could have confirmed his report of domestic treason. (*Id*.) Plaintiff requests as relief in this action only that his statement be "filed as evidence with [a] case number." (*Id*.)

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise

REPORT AND RECOMMENDATION
PAGE - 2

a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff does not allege in his pleading any violation of a federally protected right, nor does he allege any facts suggesting that either of the named defendants personally participated in the violation of his rights. As noted above, plaintiff's intent in filing this action appears to be solely to put evidence before this Court. It is not at all clear what the purpose of this purported evidence is, but that is not a question requiring resolution at this point. Plaintiff has presented a pleading which states no specific claim(s) against the named defendants and essentially requests no relief of any kind arising out of the conduct of the named defendants. Thus, plaintiff has not stated any viable claim for relief under § 1983.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff has not stated any claim for relief in his complaint, much less one that is potentially viable under § 1983, this action must be dismissed.

REPORT AND RECOMMENDATION
PAGE - 3

CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint (Dkt. 4-1) be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 6, 2020**.

DATED this 15th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge